UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 6:12-244-KKC

BETTY MAXEY                                                                                       PLAINTIFF

v.            **MEMORANDUM OPINION AND ORDER**

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                                       DEFENDANT

*** *** *** *** ***

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Betty Maxie[1] (DE 10) and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (DE 11).[2]  For the reasons set forth below, the Court will deny Plaintiff's motion and grant Defendant's motion.

I.   **FACTS AND PROCEDURAL HISTORY**

At the time of the alleged disability onset date of June 20, 2010, Plaintiff was a forty-two-year-old woman with an eighth-grade education.  Administrative Record (hereinafter "AR") 20, 47.  She had past relevant work experience as a Certified Nurse Assistant (CNA).  AR 30.  She alleges disability due to a combination of impairments consisting of shoulder problems (status

---

[1] The correct spelling of Plaintiff's name is "Maxie."  This is the spelling used throughout the Administrative Record, which includes forms filled out by Plaintiff, her medical records, and the Administrative Law Judge's opinion. This is how Plaintiff signed her name on an affidavit submitted to this Court.  (DE 1-1 at 4).  Why Plaintiff's attorney misspelled his client's name in the caption of her complaint and, without moving to correct the caption, has continued to misspell it in subsequent submissions is not altogether clear.

[2] Defendant requested Carolyn W. Colvin, the Acting Commissioner of Social Security, be substituted for Commissioner Michael J. Astrue as the defendant in this action, and the Court will grant that request.  *See* Fed. R. Civ. P. 25(d).

1

post right rotator cuff repair), degenerative disc disease of the cervical spine, coronary artery disease, and obesity. AR 17, 83.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 8, 2010. Plaintiff first alleged an onset date of March 1, 2010, but later amended this date to June 20, 2010. AR 14. Her claim was denied initially on July 30, 2010, and again on October 21, 2010. AR 14. Plaintiff then filed a written request for a hearing before the Administrative Law Judge ("ALJ") on November 24, 2010. This request was granted, and Plaintiff appeared and testified at a hearing on August 31, 2011. AR 14. On September 12, 2011, Administrative Law Judge Gregory O. Varo found Plaintiff was not disabled. AR 14-21. Following this decision, Plaintiff filed a request for review by the Social Security Administration's Appeals Council, which was denied. Because Plaintiff exhausted all her administrative remedies, her claims are ripe for review by this Court under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc Sec*., 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.,* 195F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

### B. Overview of Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must

establish that her impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing physical or mental impairments. Put another way, the RFC is "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1525. Once the ALJ has determined the claimant's RFC, step four requires that he determine whether the claimant has the RFC to perform the requirements of her past work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education, and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(f); 20 C.F.R. § 404.1560(c).

### C. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, June 20, 2010. AR 17. At step two, the ALJ found that Plaintiff had the following severe impairments: status post right rotator cuff repair, degenerative disc disease in the cervical spine, coronary artery disease, and obesity. AR 17-18. At step three, however, the ALJ determined that Plaintiff's impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18.

Before analyzing step four, the ALJ determined that Plaintiff had the RFC to perform light work, with additional limitations. Specifically, he found the following limitations:

> lift 10 pounds frequently and 20 pounds occasionally; stand/walk 6 hours in an 8-hour work day, but no more than 1 hour at a time; sit for 6 hours in an 8-hour work day, but no more than 1 hour at a time; needs to shift position every hour; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally stoop; never crawl; no overhead reaching or lifting; avoid concentrated exposure to temperature extremes and humidity; avoid concentrated exposure to vibration; avoid all exposure to hazards such as moving machinery and unprotected heights; limited to simple, repetitive tasks due to chronic pain.

AR 18. Because Plaintiff's past relevant work as a CNA required a medium to heavy exertion level, the ALJ found that she is unable to perform past relevant work at step four. AR 18-20. However, at step five, the ALJ accepted the testimony of an impartial vocational expert, Christopher Brian Rimond, and found that jobs exist in a significant number in the national economy that Plaintiff can perform. AR 20-21, 61. These jobs include simple benchwork assembly and simple machine operator type work. AR 20-21, 61. Therefore, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 21.

### D. Analysis

In her motion for summary judgment, Plaintiff lists four issues to be considered by this Court: (1) whether the ALJ gave appropriate weight to the treating physician's opinion; (2) whether the ALJ gave adequate reasoning for refusing to accept the treating physician's opinion; (3) whether the ALJ considered the combined effect of Plaintiff's impairments, and (4) "[w]hether a reasonable person could conclude and justify that [Plaintiff] is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming evidence of a lifetime of such difficulties and further evaluation of the consultative physician."

The Court addresses the first and second issues as one.

5

    **1.**    **The ALJ Assigned Appropriate Weight to the Treating Physician's Opinion.**

Plaintiff argues that the ALJ failed to give the appropriate weight to the opinion of the treating physician, Dr. Amr El-Naggar, who had been seeing Plaintiff for eight months at the time of the ALJ's opinion. Dr. El-Naggar completed a Physical Capacities Evaluation form on June 25, 2010. On this form, he indicated that Plaintiff could sit, stand, and walk for two hours each during an eight-hour work day. AR 466. Dr. El-Naggar also opined that Plaintiff should not lift, pull, or push more than 20 pounds; that she needed to alternate sitting, standing, and walking every hour; and that she was not to bend, squat, crawl, or climb and only reach above shoulder level occasionally. AR 18, 363. After a careful review of the ALJ's opinion and the medical evidence in the record, the Court finds that substantial evidence supports the ALJ's decision to accept some, but not all of Dr. El-Naggar's opinions.

In most cases, the ALJ must give more weight to the opinion of the treating physician than other sources because:

> these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, that opinion cannot be "inconsistent with the other substantial evidence in the case record." *Id.* Likewise, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical finds and are consistent with the evidence." *Bogle v. Sullivan,* 998 F.2d 342, 347-348 (6th Cir. 1993) (citing *Young v. Sec'y of Health and Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990)). Therefore, "the Secretary may

reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle,* 998 F.2d at 348.

In this case, the ALJ considered all of Dr. El-Naggar's testimony and adopted much of it when determining RFC. The ALJ, however, found medical evidence did not support Dr. El-Naggar's implied limitation that Plaintiff could work only six total hours per day, the combined total based on two-hour sit/stand/walk limitations. In making this determination, the ALJ noted the inconsistencies in the record. Dr. El-Naggar had concluded that Plaintiff had a normal gait and normal sensory levels in the lower and upper extremities, a conclusion which indicates that the limitations would not be to the full degree described in his opinion. AR 363. The ALJ also noted that Plaintiff is able to drive, do some mild house cleaning, and attended her son's football games. AR 19. *See Blancha v. Sec'y of Health & Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990) (acknowledging that "an ALJ may consider household and social activities in evaluating complaints of disabling pain"); *see also* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Considering these activities, Plaintiff's overall sporadic and conservative treatment after June 2010, and the findings of other physicians of record, the ALJ determined Plaintiff's RFC and rejected portions of Dr. El-Naggar's opinion. AR 18-20.

Furthermore, the ALJ did not err in discounting the opinion of Chad Morgan, D.C., a chiropractor. Plaintiff visited Dr. Morgan from March to August of 2011, and in his opinion, Plaintiff is unable to function. The ALJ found this opinion was totally unsupported by the medical evidence of the record as a whole and directly conflicted with Dr. El-Naggar's opinion. AR 19. Dr. Morgan stated that Plaintiff could not stand at all or sit more than one hour in an eight-hour work day, could lift no weight frequently, and needed to elevate her legs frequently. AR 18. At Plaintiff's hearing, the ALJ noted a conflict between this assessment and Plaintiff's

7

absence of lower extremity symptoms. AR 42. The ALJ also noted that Plaintiff's admitted activities, including her presence at the hearing and her use of a purse there, further contradicted Dr. Morgan's opinion. *Id.* In response, Plaintiff's attorney appeared to concede the flaws in Dr. Morgan's opinion and stated, "Let's just say, he seems very supportive, Your Honor." *Id.* Accordingly, the Court finds substantial evidence supports the ALJ's decision to accept some, but not all, of Dr. El-Naggar's opinion, and to discount Dr. Morgan's opinion.

### 2. The ALJ Properly Considered the Combined Effects of Plaintiff's Impairments.

In reaching a disability determination, the ALJ must consider the combined effect of all the claimant's impairments, without regard to whether any of the impairments, considered individually, would be sufficient to render the claimant disabled. *Walker v. Comm'r of Soc. Sec.*, 980 F.2d 1066, 1071 (6th Cir. 1992); *see also* 20 C.F.R. § 404.1523. Plaintiff alleges that the ALJ failed to take into account the severity of her ailments in combination. However, upon review, the Court finds that the ALJ properly considered the combined effect of Plaintiff's impairments. The ALJ specifically recognized this requirement in his opinion and included it in his analysis. AR 15, 17-20. The ALJ also stated that Plaintiff does not have an impairment or combination of impairments that meets a listed requirement. AR 18. In his analysis, the ALJ listed and discussed each of her alleged impairments and included his resulting conclusions in the RFC. AR 17-20. *See Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir.1990) ("[I]ndividual discussion of multiple impairments does not imply that [the ALJ] failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding the Plaintiff does not meet a listing." (*quoting Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1978))). While the ALJ found Plaintiff credible generally regarding her impairments that were established by medical records,

he found "she is not credible in her assertion that her combined impairments preclude her from all full-time work activities." AR 19.

Plaintiff does not assert that any specific ailments were omitted from the ALJ's analysis of Plaintiff's "combined impairments" or their effect on the ALJ's RFC findings. AR 18-21. Plaintiff does not advance specific contentions about the ALJ's analysis in this case, and this Court is not required to "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine … whether it might contain evidence that arguably is inconsistent with the Commissioner's decision." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). Based upon the Court's review of the ALJ's decision, the Court finds that the ALJ properly considered the combined effect of Plaintiff's impairments.

### 3. The ALJ's Decision is Supported by Substantial Evidence.

In her motion, the Plaintiff asserts a final issue to be resolved by this Court:

> Whether a reasonable person could conclude and justify that plaintiff is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming evidence of a lifetime of such difficulties and further evaluation of the consultative physician.

(DE 10-1 at 2). Plaintiff addresses this argument only in a cursory fashion. The reference to a "reasonable person" may be an argument that substantial evidence did not support the ALJ's decision. *See Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 438 (6th Cir. 2010) ("[s]ubstantial evidence ... would prompt a reasonable person to accept that the evidence adequately supports a conclusion."). To the extent that Plaintiff makes this argument, she appears to simply repeat her argument that the ALJ improperly discounted the opinions of Dr. El-Naggar and Dr. Morgan. As discussed above, the ALJ gave sufficient reasons for rejecting

9

part of Dr. El-Naggar's opinion and did so after considering all of the medical evidence in the record. Similarly, the ALJ gave sufficient reasons for discounting the opinion of Dr. Morgan in light of the entire record. Also as noted above, the ALJ considered Plaintiff's daily activities and found them to be inconsistent with the symptoms and limitations as alleged.

In sum, the Court finds that the ALJ's opinion was supported by substantial evidence.

### III. CONCLUSION

For the reasons set forth above, the Court holds that the ALJ's decision denying Plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Carolyn W. Colvin, the Acting Commissioner of Social Security, is **SUBSTITUTED** for Commissioner Michael J. Astrue as the defendant in this action;

(2) Plaintiff's Motion for Summary Judgment (DE 10) is **DENIED**;

(3) Defendant's Motion for Summary Judgment (DE 11) is **GRANTED**; and

(4) The administrative decision of the Commissioner of Social Security will be **AFFIRMED** by separate judgment entered this date.

This 2nd day of August, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge